FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN M. GUYOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTON COUNTY SUPERIOR COURT, BENTON COUNTY CLERK OF COURT, and BENTON COUNTY,<br><br>    Defendants. | No. 4:25-CV-05177-SAB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT** |

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 5. Plaintiff is representing himself in the matter. Defendants have not been served. The motion was considered without oral argument.

### Background/Factual Allegations

In November 2025, Plaintiff sought to file and defend matters in Benton County Superior Court and submitted Americans with Disability Act (ADA) accommodation requests explaining that his disability prevents in-person filing or presentation of documents. Despite these requests, he claims he was not provided reasonable accommodations, and his filings were not accepted or presented to a

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 1**

judicial officer.

On December 9 and 10, 2025, Plaintiff communicated with the Chief Deputy Clerk of the Benton County Clerk's Office, regarding his filings and ADA accommodation request. Plaintiff was granted a waiver of filing fees due to his indigent status, which the Clerk's Office informed him only covered the $290 civil filing fee, not any other fees. The Clerk's Office informed him there was a $30 ex parte fee that needed to be paid if Plaintiff wanted to file his documents without appearing in person. Without in-person presentation of filings, they are deemed "proposed" and are not submitted to a judicial officer for signing, unless parties pay the $30 fee. Plaintiff requested waiver of this fee. The Clerk's Office responded, stating that the waiver Plaintiff obtained covers filing fees or surcharges that are a condition precedent to his ability to secure access to judicial relief, and the $30 ex parte fee is a clerk's processing fee that does not fall under the waiver. The Clerk's Office further informed Plaintiff that he could have a friend or family member present the filings on his behalf in person if he wished to avoid the $30 fee. Plaintiff asserts that he has no one who could appear on his behalf and he has received no alternative options for filing.

Plaintiff argues this amounts to a denial of access to the courts and requests the Court grant a temporary restraining order (TRO) and/or preliminary injunction to prevent continued harm from Defendants.

### Standard

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing can be held regarding a preliminary injunction. *Reno Air Racing Ass'n, Inc. v.* McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). The central function of preliminary injunctions is to preserve the status quo pending a decision on the merits of a case. *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 704 (9th Cir. 1988).

Fed. R. Civ. P. 65(b) states that a court may issue a temporary restraining

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 2**

order (TRO) without written or oral notice to the adverse party only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24–25 (2008). The most important *Winter* factor is likelihood of success on the merits. *See Disney Enter., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

## Legal Framework

To prove that a public entity violated Title II of the ADA, a plaintiff must show: (1) they are a qualified individual with a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. The question of whether a proposed accommodation is reasonable or not is a question of fact that must consider the specific circumstance of the individual requesting accommodations. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT * 3

**Plaintiff's Motion**

Plaintiff asserts he is likely to succeed on the merits because, despite notice of his disability and accommodation requests, Defendants failed to provide reasonable modifications and instead conditioned court access on in-person appearance, payment of a contested fee, or reliance on third parties and thus, denied him meaningful access to the courts.

Plaintiff argues he is suffering from irreparable harm because he is unable to present matters to a judicial officer, defend himself in pending proceedings, or obtain judicial review.

Plaintiff asserts the balance of equities favors him because granting his requested relief would require Defendant only to comply with existing federal law by providing reasonable accommodations and Defendants suffer no prejudice from obeying the ADA, while Plaintiff suffers ongoing harm without relief.

Finally, Plaintiff maintains the public interest favors granting injunctive relief because enforcement of civil rights and ensuring that courts remain accessible to individuals with disabilities promotes confidence in the judicial system and compliance with federal law.

**Analysis**

Plaintiff is requesting the Court grant a TRO and/or a preliminary injunction directing Defendants to provide him with accommodations that would allow him to present his filings remotely without additional fees or involving third parties.

As an initial matter, Plaintiff has not shown that a TRO is appropriate. Plaintiff has not served Defendants with the Complaint and has failed to provide any reason as to why the Court should issue a TRO without first allowing Defendants to respond and be heard. The purpose of a TRO is to maintain the status quo. Plaintiff is requesting the Court enter a TRO directing Defendants to do something beyond the status quo by providing him with accommodations he deems acceptable. Plaintiff's injuries, considering the accommodations already offered to

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 4**

him, do not reach the level of "immediate and irreparable injury, loss, or damage" that is required by Fed. R. Civ. P. 65(b) to entertain entry of a TRO without first allowing Defendants to respond and be heard.

Moreover, Plaintiff has not met the requirements for obtaining a TRO or a preliminary injunction. To meet his burden, Plaintiff must first establish that he has a likelihood of success on the merits of his claim against Defendants – that Defendants violated Title II of the ADA. Plaintiff argues the accommodations offered to him are unreasonable, disputing the ex parte filing fee and asserting he does not have a friend or family member who would be able to make the filings in person on his behalf.

Plaintiff has not shown that he is likely to succeed on the merits because he fails to satisfy the second and third factors under *Duvall*: that he was excluded from participation in or denied the benefits of services offered by a public entity and he was excluded because of his disability.

First, Plaintiff has not shown he was excluded from participation or denied access to the court. The Clerk's Office was informed of Plaintiff's disability and provided him with two options that would allow him to submit his filings without having to appear in person. First, the Clerk's Office informed Plaintiff he could pay a $30 ex parte filing fee that would enable the Clerk's Office to submit the filings to a judicial officer without an in-person appearance. This option is available to all parties, regardless of disability status, and the fee is not covered by the general fee waiver available to Plaintiff, as the fee is not a direct barrier to judicial review.

In the alternative, the Clerk's Office informed Plaintiff he could have a friend or family member file his documents in person, avoiding the need for a fee and enabling Plaintiff to make his filings in a way that accommodates his disability. Plaintiff argues this is an unacceptable alternative, as he does not have a friend or family member who could make those in-person filings. Plaintiff makes

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 5**

no connection between this issue and his disability.

The options provided by the Clerk's Office would enable individuals with a disability who are unable to make in-person appearances to participate in the judicial process, so it is unlikely that Plaintiff has been excluded based on his disability. As such, Plaintiff does not meet the standard for a TRO or a Preliminary Injunction as he has failed to establish that he was excluded from participation in the services a public entity offers based on his disability.

## 28 U.S.C. § 1915(e)(2) Review

28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The central pillar of Plaintiff's Complaint is that Defendants violated Title II of the ADA by refusing to offer reasonable accommodations, which denied Plaintiff access to public services. As discussed above, Plaintiff fails to allege facts sufficient to infer that he was discriminated against based on his disability, as Plaintiff was offered accommodations, and he refused them for reasons unrelated to his disability. As such, Plaintiff's Complaint is **dismissed** for failure to state a claim.

## Leave to Amend

However, unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see also* Fed. R. Civ. P. 15.

Plaintiff may submit an amended complaint within thirty (30) days of the

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 6**

Case 4:25-cv-05177-SAB   ECF No. 9   filed 01/15/26   PageID.44   Page 7 of 7

date of this Order that must include sufficient facts to state a claim upon which relief may be granted. This Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 5, is **DENIED**.

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

3. Plaintiff is granted leave to amend and file an Amended Complaint within thirty (30) days of the date of this Order. Plaintiff is instructed that the failure to do so will result in the dismissal and closure of this action.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to *pro se* Plaintiff.

**DATED** this 15th day of January 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION; DISMISSING COMPLAINT \* 7**