FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RYAN M. GUYOTT,

      Plaintiff,

      v.

BENTON COUNTY SUPERIOR COURT, BENTON COUNTY CLERK OF COURT, and BENTON COUNTY,

      Defendants.

No. 4:25-CV-05177-SAB

**ORDER DISMISSING COMPLAINT**

On April 9, 2026, Plaintiff filed a Status Report, ECF No. 11, requesting an update on the screening of his complaint and on his pending Americans with Disability Act (ADA) accommodation request. Plaintiff is representing himself in the matter. Defendants have not been served.

As a preliminary matter, Plaintiff contacted the Clerk's Office on February 9, 2026, requesting appointment of counsel or other effective assistance to ensure meaningful access to the Court's programs and proceedings. The Court notes it is not legally obligated under Title II of the ADA to provide accommodations, including appointing attorneys to pro se civil litigants, and the Court does not have attorneys available to appoint on civil cases. 42 U.S.C. § 12131, 12132 (no

**ORDER DISMISSING COMPLAINT * 1**

qualified individual with a disability shall be excluded from public services by a public entity; "public entity" defined to only include state and local governments, their instrumentalities, and commuter authorities).

The following facts are taken from Plaintiff's First Amended Complaint:

Plaintiff has documented disabilities, including agoraphobia, post-traumatic stress disorder, and severe anxiety, which he asserts substantially limits major life activities, including appearance in person at court facilities and reliably accessing physical mail. Plaintiff asserts he needs accommodations to allow for participation in public processes, including court proceedings and document filing.

On November 6, 2025, Plaintiff submitted an ADA accommodation request and supporting documentation to the Benton County Superior Court ADA Coordinator, explaining that his documented disabilities prevented in-person court access. After receiving this request, the Clerk's Office continued to demand that Plaintiff take in-person steps to file and present documents and suggested Plaintiff rely on a friend or relative to assist with filing documents in person. Plaintiff asserts he has no friend or relative that could provide such assistance.

Plaintiff asserts he received no additional guidance or response regarding his accommodation request. Plaintiff asserts the Clerk's Office misinterpreted and misapplied the ADA and Washington General Rules 33 and 34 by rejecting accommodation requests not submitted on a preferred form, treating filing and presentation fees as non-waivable clerk requirements, and refusing to present emergency filings to a judicial officer unless a $30 ex parte fee was paid. Plaintiff requested these fees be waived as a part of his accommodation request.

Plaintiff filed suit in federal court on December 16, 2026, asserting Defendants violated Title II of the ADA when the Clerk's Office failed to provide him with reasonable accommodations to allow for him to participate in the court process without filing documents in person.

To prove that a public entity violated Title II of the ADA, a plaintiff must

**ORDER DISMISSING COMPLAINT * 2**

show: (1) they are a qualified individual with a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. The question of whether a proposed accommodation is reasonable is a question of fact that must consider the specific circumstance of the individual requesting accommodations. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999).

28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The central pillar of Plaintiff's Complaint is that Defendants violated Title II of the ADA by refusing to offer reasonable accommodations, denying Plaintiff access to public services based on his disabilities. Plaintiff's original Complaint was dismissed with leave to amend to cure identified deficiencies on January 15, 2026. Plaintiff was informed that the Amended Complaint would operate as a complete substitute for the original complaint.

Plaintiff has failed to cure the pleading deficiencies identified in this Court's prior Order. Plaintiff fails to show that he was excluded from participation in or denied the benefits of services offered by a public entity and he was excluded because of his disability. Plaintiff's claim hinges on his belief that the accommodations offered by the Benton County Clerk's Office were insufficient for him for reasons unrelated to his disability – a refusal to pay standard court fees and

**ORDER DISMISSING COMPLAINT * 3**

a lack of access to third parties to present filings on his behalf to avoid imposition of electronic filing fees. Accordingly, Plaintiff is unable to show that he was excluded from the court process based on his disability.

As Plaintiff has already been given an opportunity to amend and Plaintiff failed to address the identified pleading deficiencies, the Court will not grant Plaintiff leave to amend as it appears amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see also* Fed. R. Civ. P. 15.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's First Amended Complaint, ECF No. 11, is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to *pro se* Plaintiff, and **close** the file.

**DATED** this 21st day of April 2026.

Stan Bastian
Chief United States District Judge

**ORDER DISMISSING COMPLAINT * 4**